UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL DORNEY,

                Plaintiff,

    -against-

THE VILLAGE OF WEST HAVERSTRAW, et al.,

                Defendants.

24-CV-8038

**ORDER**

JESSICA G. L. CLARKE, United States District Judge:

On October 22, 2024, this action was removed from the Supreme Court of the State of New York, Rockland County, by Defendant Environmental Design & Research, Landscape Architecture, Engineering & Environmental Services, D.P.C. ("EDR"), a citizen and resident of New York State. *See* ECF No. 1 at 1, ¶ 11. EDR contends Plaintiff is a citizen of Pennsylvania. *See id*. ¶ 10. Defendant asserts that jurisdiction is proper by reason of diversity of citizenship, pursuant to Title 28, United States Code, Section § 1332(a). *See id*. at 1.

Pursuant to Title 28, United States Code, Section 1441(a), a defendant may remove an action commenced in state court to a federal district court if the district court has original jurisdiction over the matter. If jurisdiction is predicated on diversity of citizenship, however, an action "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2); *see Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 705 (2d Cir. 2019) (discussing the forum defendant rule). That is the case here, as Defendants are citizens of New York.

Under Second Circuit law, this "forum defendant rule" appears to be procedural and, thus, waivable. *See Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48, 50 n.2 (2d Cir. 2000);

*but see Hurt v. Dow Chem. Co.*, 963 F.2d 1142, 1144-45 (8th Cir. 1992) (holding that the rule is jurisdictional and may not be waived).

Accordingly, it is hereby ORDERED that, on or before **November 1, 2024**, Plaintiff shall submit a letter to the Court in accordance with the Court's Individual Rules and Practices for Civil Cases stating unequivocally whether he asserts rights under Section 1441(b)(2) because the removing party is a citizen of New York. Plaintiff is also permitted to raise any other defects with removal in this letter, including with respect to diversity jurisdiction and whether all defendants consented to removal. If Plaintiff does invoke his rights under Section 1441(b)(2) or identifies any other defects, then, unless Defendant shows good cause why the case should not be remanded in writing on or before **November 8, 2024**, the action will be remanded to the court from which it was removed.

It is further ORDERED that Defendant's counsel must e-mail, fax, or deliver by hand a copy of this Order to counsel for Plaintiff and the other Defendants immediately upon receipt and file proof of service by **October 30, 2024.**

SO ORDERED.

Dated: October 28, 2024
      New York, New York

*Jessica Clarke*
_____
JESSICA G. L. CLARKE
United States District Judge